UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

<u>DECISION AND ORDER</u>

04-CR-6026L

           v.

FRANCESCO D. FRASSETTO,

                                Defendant.
_____

On June 25, 2008, defendant Francesco Frassetto filed a motion for return of property (Dkt. #92) pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Specifically, Frassetto seeks the return of a diamond ring seized from him by agents of the Federal Bureau of Investigation ("FBI") when Frassetto was arrested in 2000.

The Government opposes Frassetto's motion, arguing that he has no legitimate claim of ownership to the ring. In support of that assertion, the Government has submitted an affidavit of FBI Special Agent Michael J. Preisser, who states that the ring in question was, in effect, a "prop" that originally came from FBI headquarters. Preisser states that the ring was provided by the FBI to one David Nardozzi, a "lifetime burglar" who had recently been released from prison on condition that he cooperate with the Government in certain ongoing criminal investigations.

As part of his cooperation, Nardozzi had been discussing prospective criminal activity with Frassetto. Nardozzi was instructed by the FBI to represent to Frassetto that he had stolen the ring during a burglary, in order to enhance Nardozzi's credibility with Frassetto. Agent Preisser states that pursuant to those instructions, Nardozzi handed the ring to Frassetto at a meeting in January 2000. Nardozzi intimated to Frassetto that the ring was stolen, but added that "[i]t's not hot now, you can go anywhere with it." Dkt. #94-2 ¶ 11. Frassetto thanked him and put the ring on his pinky finger. *Id.* ¶ 12.

Frassetto was arrested on February 16, 2000, during a heroin transaction. Preisser states that at the time of Frassetto's arrest, the arresting agents seized from him "the same ring provided by the FBI to Nardozzi in January 1999." *Id.* ¶ 14.

In a letter to the Court replying to the Government's response to his motion, Frassetto states that "the ring that [the Government] described as being the proceeds of a burglary was not the same ring which was taken from me." Dkt. #95 at 1. He has not, however, explained the basis for that assertion.[1]

---

[1]Frassetto also contends that "[t]his allegation [*i.e.*, that the ring was given to him by Nardozzi as the purported proceeds of a burglary] had never been raised in prior court proceedings and it was always the governments contention that all personal property would be returned to me upon the conclusion of its investigation and any attendant prosecution of me ... ." Dkt. #95 at 1-2.

Frassetto did move previously for the return of the ring and other property, and another judge of this Court, Hon. Michael A. Telesca, denied that motion based on the Government's assertion that Frassetto's property was needed as part of an ongoing criminal investigation. *See Frassetto v. United States*, 01-MC-6009, Dkt. #7, #10. The Second Circuit affirmed that order on appeal. *See Frassetto v. United States,* 41 Fed. Appx. 523 (2002).

In my view, the Government has not reneged on its representation before Judge Telesca that it would eventually return Frassetto's property to him, *see* 01-MC-6009 (Dkt. #2); the Government's position on the present motion is that the ring in question is *not* Frassetto's

(continued...)

Rule 41(g) provides that on a motion for return of property, "[t]he court must receive evidence on any factual issue necessary to decide the motion." The directive that the court "receive evidence" does not necessarily mean that the court must hold an evidentiary *hearing*, however, since affidavits or documentary evidence will often suffice to permit a determination of the issues. *United States v. Cardona-Sandoval* 518 F.3d 13, 16 (1st Cir. 2008); *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007); *United States v. Albinson*, 356 F.3d 278, 281-82 (3d Cir. 2004). *See also Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (where parties disputed whether the luggage that Government had sent to defendant's designated representative, which purportedly contained defendant's personal property, was the same property as that sought by defendant in his Rule 41 motion, "the district court was required to take evidence and make factual findings to identify any items still in the possession of the Government and any items that might have been lost").

Based on the parties' submissions here, it appears that there may be a dispute about whether the ring seized from Frassetto at the time of his arrest is the same ring as the one given to him by Nardozzi. I cannot resolve that dispute based simply on Frassetto's "bare assertion" that it is not the same ring, however. *Cardona-Sandoval*, 518 F.3d at 16-17.

I therefore direct Frassetto to submit an affidavit, together with any supporting documentary evidence that he wishes to submit, setting forth the factual basis for his contention that the ring seized from him, which is the subject of his Rule 41(g) motion, is not the same ring described by the Government in its response to his motion. In particular, Frassetto should: describe in some detail

---

[1](...continued)
property, and that he has never had a cognizable claim of ownership of the ring. That is not inconsistent with any position that the Government has previously taken in this matter.

the physical characteristics of the ring in question and how it differs from the ring described by the Government; explain how and when he came into possession of the ring that was seized from him; and state whether he acknowledges receiving a ring from Nardozzi and if so, what became of that ring.

## CONCLUSION

Defendant Francesco Frassetto shall, within thirty (30) days after the date of entry of this Decision and Order, file with the Court additional papers in support of his motion for return of property (Dkt. #92), as described in the body of this Order.  The Government is directed to file its reply within fourteen (14) days after the date of filing of Frassetto's submission.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 3, 2008.